**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**GREENSBORO DIVISION**

| | | |
|---|---|---|
| MELODY MOULTRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:26-cv-478 |
| UNITED PARCEL SERVICE, INC. (UPS) and TEAMSTERS LOCAL 391, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT TEAMSTERS LOCAL 391'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Teamsters Local 391 ("Local 391") submits this memorandum in support of its motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). Plaintiff asserts a negligence claim against Local 391 for not attending her employee orientation and belatedly responding to her requests for a copy of the collective bargaining agreement. Plaintiff's claim fails because it is preempted by labor law. To the extent Plaintiff's negligence claim can be re-characterized as a duty of fair representation claim, it still fails because it is untimely and because her allegations do not plausibly suggest that Local 391 breached its duty. Finally, even if Plaintiff pled sufficient facts to state a claim and even if it were timely filed, her claim should be dismissed because she failed to properly effect service on Local 391.

## STATEMENT OF FACTS

Local 391 is a labor union that represents certain United Parcel Service ("UPS") employees in North Carolina, including Plaintiff for the duration of her employment at UPS. Plaintiff, acting *pro se*, filed a Complaint in this case against both UPS and Local 391 on November 5, 2025, in the North Carolina Superior Court for Alamance County. (Compl., Dkt. No. 1-2.) Plaintiff brings a negligence claim against Local 391 and misrepresentation and negligent supervision claims against UPS. (Compl. at ¶¶ IV, V.)

Plaintiff's Complaint is devoid of specific factual allegations relevant to her claim against Local 391. She alleges that she was hired by UPS "to work the graveyard shift from approximately 10:30 p.m. to 2:30 a.m." (Id. at ¶ 1.) She claims that "[d]uring orientation, no union representatives from Teamsters Local 391 appeared despite UPS stating they would attend to explain employee rights and union membership." (Id. at ¶ 2.)

Plaintiff further alleges that "Local 391's contact information was difficult to locate; [she] spent hours verifying the correct office details and web address[.]" (Id. at ¶ 12.) She claims that "[d]espite multiple telephone requests, the union did not provide the collective bargaining agreement until . . . well after it was needed by [her]." (Id. at ¶ 13.) Plaintiff contends that Local 391's conduct "deprived [her] of her ability to understand her rights or file a grievance." (Id. at ¶ IV.) She states that she was terminated from UPS on October 7, 2024. (Id. at ¶ 1.)

Plaintiff requested and was issued a summons on November 5, 2025, the same day on which she filed her Complaint. (Dkt. No. 1-5.) In North Carolina state court, a plaintiff

must serve a summons upon every named party within 60 days after the issuance of the summons. N.C. Gen. Stat. § 1A–1, Rule 4(c). Plaintiff never served the November 5 summons on Local 391.

If a state court defendant is not served within 60 days of the issuance of a summons, a plaintiff may extend the time to serve that defendant if the court endorses the preceding summons or issues an *alias and pluries summons* within 90 days of the issuance of the preceding summons. N.C. Gen. Stat. § 1A–1, Rule 4(d). Plaintiff did not secure an endorsement of the original summons or an *alias and pluries* summons within 90 days of the issuance of the November 5 summons.

If a state court plaintiff fails to extend service within 90 days of the original issuance, "the suit is discontinued, and treated as if it had never been filed." *Johnson v. City of Raleigh*, 98 N.C. App. 147, 148 (1990); N.C. Gen. Stat. § 1A–1, Rule 4(e). If a new summons is nevertheless issued after the original suit is discontinued, "the action shall be deemed to have commenced on the date of such issuance." *Id*.

On February 19, 2026, Plaintiff requested and was issued an *alias and pluries summons*. (Dkt. No. 1-8.) The summons was addressed to a different Teamsters Local that is not a party to this case. (*Id*.) She did not serve that summons on Local 391. On April 16, 2026, 162 days after the original summons was issued, Plaintiff requested and was issued a second *alias and pluries summons*, which was addressed to Teamsters Local 391. (Dkt. No. 1-12.)

Plaintiff attempted to serve Local 391 by sending the April 16 summons and a

copy of the Complaint by certified U.S. mail addressed to "Teamsters Local 391." (Dkt. No. 1-19 at p. 2.) The mailing was not addressed to an officer of Local 391, or any other person authorized to accept service on its behalf. Local 391 received the Complaint and summons on April 28, 2026. *Id.* at 3. On May 26, 2026, Local 391 filed a Notice of Removal to this Court. (Dkt. No. 1.)

**STANDARD OF REVIEW**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Factual allegations must show "more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.* at 678.

A pro se complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "liberal construction does not absolve [the] [p]laintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x

135 (4th Cir. 2014). A court "may not act as an advocate for a self-represented litigant" by "conjuri[ng] up questions never squarely presented[.]" *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md 2020) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)); *see also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (a court does not "transform . . . into an advocate" when reviewing a pro se complaint).

Under Federal Rule of Civil Procedure 12(b)(2), a court may exercise personal jurisdiction over a defendant on where there is proper service of process upon that defendant. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc*., 733 F.2d 1087, 1089 (4th Cir. 1984). "A motion to dismiss under Rule 12(b)(4) challenges the sufficiency of the process itself, while a motion to dismiss made under 12(b)(5) attacks a complaint for insufficient service of process." *Wilson v. PNC Bank, N.A*., No. 1:19CV472, 2020 WL 1144711, at *1 (M.D.N.C. Mar. 9, 2020) "The plaintiff bears the burden of establishing proper summons and proper service of summons in accordance with Federal Rule of Civil Procedure 4." *Id.* (quoting *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003)); *see also Dalenko v. Stephens*, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013).

"A plaintiff's lack of counsel does not excuse a failure to establish jurisdiction, including with respect to service." *Latten v. EverBank N.A.*, No. 3:25-CV-00228-KDB-SCR, 2025 WL 2608663, at *1 (W.D.N.C. Sept. 9, 2025) (citing *Tann v. Fisher*, 276 F.R.D. 190 (D. Md.), *aff'd*, 458 F. App'x 268, (4th Cir. 2011) ("pro se status ... is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes

that service was made properly[.]”)); *see also Shaver v. Cooleemee Volunteer Fire Dep't*, No 1:07cv00175, 2008 WL 942560, at *2 (M.D.N.C. Apr. 7, 2008) (“These rules apply equally to litigants proceeding with or without counsel . . . and courts are directed not to overlook procedural deficiencies just because actual notice occurred.”).

## ARGUMENT

### I. Plaintiff's Negligence Claim is Preempted by Federal Labor Law.

Section 301 of the Labor Management Relations Act (“LMRA”) “provides federal courts with jurisdiction over employment disputes covered by collective bargaining agreements[.]” *McCormick v. AT & T Techs., Inc.*, 934 F.2d 531, 534 (4th Cir. 1991) (en banc); 29 U.S.C. § 185(a). “[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and labor organization.” *McCormick*, 934 F.2d at 534 (quoting *Franchise Tax Bd. V. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)).

“State tort claims are preempted where reference to a collective bargaining agreement is necessary to determine whether a duty of care exists or to define the nature and scope of that duty[.]” *Id.* at 536 (cleaned up); *see also Davis v. Bell Atl.-W. Virginia, Inc.*, 110 F.3d 245, 247 (4th Cir. 1997) (“a purportedly state law claim, the resolution of which depends substantially upon the analysis of a collective-bargaining agreement's terms, must either be treated as a claim under § 301 or be dismissed as preempted under federal labor law.”).

When determining whether Section 301 preemption applies, the Fourth Circuit

has held that "[a] collective bargaining agreement is more than a contract; it is a generalized code to govern a myriad of cases which the draftsmen cannot wholly anticipate." *McCormick*, 934 F.2d at 536 (quoting *United Steelworkers of Am. V. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 578 (1960)). It has further held that "[a]ny duty a union owes its members is a duty arising out of the collective bargaining agreement and its express and implied obligations." *Clark v. Newport News Shipbuilding & Dry Dock Co.*, 937 F.2d 934, 938 (4th Cir. 1991).

Here, Plaintiff alleges that Local 391 breached its "duty to act with reasonable care in representing and communicating with bargaining employees" because it failed to attend her employee orientation and was delayed in responding to her requests for a copy of the collective bargaining agreement. (Compl. at ¶¶ 3, 13, IV.) Her allegations explicitly reference the collective bargaining agreement and implicate Local 391's obligations to her under that agreement. Accordingly, Plaintiff's negligence claim is preempted by Section 301 and controlled by federal law. *See United Steelworkers of Am., AFL-CIO-CLC v. Rawson*, 495 U.S. 362, 371 (1990) ("Pre-emption by federal law cannot be avoided by characterizing the Union's negligent performance of what it does on behalf of the members of the bargaining unit pursuant to the terms of the collective bargaining contract as a state-law tort.").

## II. Any Claim that Local 391 Breached Its Duty of Fair Representation Must Be Dismissed.

The only conceivable claim Plaintiff could have alleged against Local 391 is that

it breached its duty of fair representation under Section 9 of the National Labor Relations Act. 29 U.S.C § 159. Because Plaintiff does not raise that claim, and instead raises only a preempted negligence claim, her Complaint should be dismissed. *See Beaudett*, 775 F.2d at 1276 (recognizing that courts are not "required to conjure up and decide issues never fairly presented to them"). Nonetheless, should the Court construe Plaintiff's Complaint as asserting such a claim under federal labor law, it would still fail because it is untimely and because Plaintiff does not allege any facts plausibly suggesting that Local 391 breached its duty.

### A. Plaintiff's Claim is Barred by the Statute of Limitations.

Any duty of fair representation claim brought by Plaintiff must be dismissed as untimely. Claims based on a breach of the duty of fair representation have a six-month statute of limitations. *See Smith v. United Parcel Serv., Inc*., 776 F.2d 99, 100 (4th Cir. 1985) (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 171–72 (1983)); *Samosky v. United Parcel Serv.*, 944 F. Supp. 2d 479, 507 n.6 (S.D.W. Va. 2013) ("The statute of limitations for a claim that . . . a union violated its duty of fair representation is six months."). The statute of limitations period begins to run "when the claimant discovers, or through the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Bruce v. Int'l Longshoremen's Ass'n*, 7 F. Supp. 2d 609, 614 (D. Md. 1998) (quoting *McCreedy v. Local Union No. 971*, 809 F.2d 1232, 1236 (6th Cir. 1987)).

Here, Plaintiff alleges that she was terminated on October 7, 2024. (Compl. at ¶ 1.) Any misconduct by Local 391 would have occurred before that date. Therefore, a claim alleging a breach of the Local 391's duty of fair representation would need to have been filed by April 7, 2026, at the latest. Plaintiff filed her Complaint in North Carolina state court on November 5, 2025—more than a year after her termination occurred. The Complaint is therefore untimely and should be dismissed.

Plaintiff's Complaint is doubly untimely given her failure to obtain an extension on her summons. Because Plaintiff did not serve or obtain an extension for service in the 90 days following November 5, 2025, her suit was "discontinued and treated as if it had never been filed." *Johnson*, 98 N.C. App. at 148. While she nevertheless obtained a new summons after that discontinuation, the action was "deemed to have commenced on the date of such issuance." N.C. Gen. Stat. § 1A–1, Rule 4(e). Therefore, because Plaintiff obtained a new summons addressed to Local 391 on April 16, 2026, Plaintiff's action against Local 391 was brought that same day—a year-and-a-half after she was terminated. *See* Rule 4(e); *Shiloh Methodist Church v. Keever Heating & Cooling Co.*, 127 N.C. App. 619, 622 (1997) ("If an action is discontinued and a new summons is later issued, a new action is begun on the date of the new summons and the statute of limitations is measured from the date of the new summons issue date.).

Plaintiff had six months to file a Complaint against Local 391. Instead, she waited over a year before filing suit, allowed that suit to be discontinued, that then revived the

action several months later. Regardless of which date the Court replies upon, her action is untimely and should be dismissed. *See Smith v. United Parcel Serv.*, 776 F.2d at 100.

### B. Plaintiff Does Not Allege Facts Plausibly Suggesting the Union Breached Its Duty of Fair Representation.

Even if it was timely, Plaintiff's claim still must be dismissed because she fails to plausibly allege that Local 391 breached its duty of fair representation. "As exclusive bargaining representative for all employees in the bargaining unit, a union has the duty to treat every member of the union fairly, both in the process of collective bargaining and in the administration and enforcement of the collective bargaining agreement." *Smith v. United Steelworkers of Am.*, 834 F.2d 93, 96 (4th Cir. 1987). Breach of this duty occurs when a union's conduct towards a member is "arbitrary, discriminatory, or in bad faith." *Jeffreys v. Commc'ns Workers of Am.*, 354 F.3d 270, 274 (4th Cir. 2003) (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

A union's conduct is "arbitrary" only if it is "so far outside a wide range of reasonableness" as to be "wholly irrational." *Id.* (quoting *Air Line Pilots Ass'n Int'l v. O'Neill*, 499 U.S. 65, 78 (1991)). It is "discriminatory" if "based on constitutionally protected categories like race or gender" or if it "arises from animus or prejudice." *Id.* at 276 (citing *O'Neill,* 499 U.S. at 81). And it is in "bad faith" if union officials "engaged in 'fraud, or deceitful or dishonest action.'" *Id.* (quoting *Aguinaga v. United Food & Commercial Workers Int'l Union*, 993 F.2d 1463, 1470 (10th Cir. 1993)).

"To sustain the necessary showing of union breach . . . the employee must show

that the union's conduct was grossly deficient or in reckless disregard of the member's rights, and, further, that there is substantial reason to believe that the union breach of duty contributed to an erroneous outcome in the contractual proceedings." *Mullinax v. U.S. Postal Serv.*, 898 F.2d 146, 1990 WL 27322, at *2 (4th Cir. 1990) (cleaned up); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411 (4th Cir. 1986). "Simple negligence, ineffectiveness, or poor judgment is insufficient to establish a breach of the union's duty." *Ash*, 800 F.2d at 411; *see also Smith*, 834 F.2d at 96 ("A union's exercise of its judgment need not appear as wise in the glaring light of hindsight, and a violation of the duty of fair representation is not made out by proof that the union made a mistake in judgment.").

Plaintiff alleges that Local 391 was negligent because it did not come to her employee orientation and did not immediately respond to her requests for a copy of the collective bargaining agreement. She does not allege any facts concerning whether Local 391 was obligated to come to her orientation. She does not allege any facts concerning when or how she contacted Local 391 for a copy of her collective bargaining agreement, how many times she made those inquiries, or when she received the agreement.

Plaintiff vaguely asserts that Local 391's conduct "deprived her of her ability to know her rights or file a grievance." (Compl. at ¶ IV.) But she does not identify any collective bargaining agreement provisions that she contends were violated—indeed, she does not even allege that UPS violated the agreement at all. She does not allege what facts could have given rise to a grievance. And she does not allege that she would have filed a grievance if given the opportunity—let alone that such a grievance had merit.

Plaintiff's paltry allegations are insufficient to show negligence. They certainly do not show that that Local 391 acted in an arbitrary, discriminatory, or bad faith manner. And even if Plaintiff had alleged facts suggesting Local 391 acted with "reckless disregard for her rights" her Complaint is still silent as to whether she would have filed a grievance concerning her rights, or that Local 391's conduct "contributed to an erroneous outcome" in any proceedings. *Mullinax*, 1990 WL 27322, at *2. Because Plaintiff fails to make any factual allegations suggesting that Local 391 breached its duty of fair representation, her claim must be dismissed.

## III. Plaintiff's Claim Must be Dismissed Because She Failed to Properly Effect Service on Local 391.

Even if Plaintiff timely filed her Complaint and pled sufficient facts to support a duty of fair representation claim, her claim should still be dismissed for insufficient process and service of process under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), and as a result, lack of personal jurisdiction under Rule 12(b)(2).

Federal Rule of Civil Procedure 4(h)(1) permits plaintiffs to serve a summons according to state law where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1), 4(e)(1). North Carolina Rule of Civil Procedure 4(j)(8) provides that an unincorporated organization, like Local 391, may be served by "registered or certified mail, return receipt requested, addressed to the officer, director, agent or member of the governing body" of the organization. N.C. Gen. Stat. § 1A–1, Rule 4(j)(8)(c). "North Carolina law requires strict compliance with the service of process statutes, even where it

is clear . . . that a defendant has received actual notice of the action." *Hoyle v. UAW Local Union 5285*, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006).

Here, Plaintiff's failed to address the Summons or certified mail containing the Complaint and Summons to an appropriate officer, director, agent, or member of Local 391's governing body. Instead, the certified mailing was addressed to "Teamsters Local 391," and not to any person. (Dkt. No. 1-12 at 2.) This Court has repeatedly held that such a defect renders service ineffective. *See e.g.*, *Shaver*, 2008 WL 942560, at *2 (dismissing complaint for improper service where plaintiff mailed summons and complaint to corporation without identifying individual officer, director, or agent for service); *Vaughn v. Duke Energy Carolinas, LLC*, No. 1:23CV1031, 2025 WL 2022010, at *3 (M.D.N.C. July 18, 2025) (same); *Joe Hand Promotions, Inc. v. GFL United LLC*, 645 F. Supp. 3d 530, 536 (M.D.N.C. 2022) (same); *Adams v. GE Money Bank*, No. 1:06CV00227 2007 WL 1847283, at *3 (M.D.N.C. June 25, 2007) (same).

Accordingly, Plaintiff's Complaint against Local 391 must be dismissed for insufficient process, service of process, and lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, Local 391 respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiff's claim against it with prejudice.

This is the 3rd of July, 2026.

<u>/s/ Trisha S. Pande</u>
Trisha S. Pande (N.C. Bar No. 53573)
PATTERSON HARKAVY LLP

100 Europa Dr., Ste. 420
Chapel Hill, NC 27517
Email: tpande@pathlaw.com
(919) 942-5200
(866) 397-8671 fax

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d), the undersigned certifies that the Defendant Teamsters Local 391's Memorandum in Support of Motion to Dismiss does not exceed 6,250 words. The undersigned relied on the word count feature on the software utilized to draft this memorandum, and the word count includes the body of the brief, headings, and footnotes. The word count does not include the caption, signature lines, certificate of service, and any cover page or index.

/s/ Trisha S. Pande
Trisha S. Pande (N.C. Bar No. 53573)
PATTERSON HARKAVY LLP
100 Europa Dr., Ste. 420
Chapel Hill, NC 27517
Email: tpande@pathlaw.com
(919) 942-5200
(866) 397-8671 fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies the foregoing document was filed with the Clerk of Court using the CM/ECF system and served on the following parties by U.S. mail, postage prepaid addressed as follows:

Melody Moultrie
P.O. Box 212
Jacksonville, NC 28541

/s/ Trisha S. Pande
Trisha S. Pande (N.C. Bar No. 53573)
PATTERSON HARKAVY LLP
100 Europa Dr., Ste. 420
Chapel Hill, NC 27517
Email: tpande@pathlaw.com
(919) 942-5200
(866) 397-8671 fax